UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
TRIAL ATTORNEY
615 E. Houston, Rm. 533
San Antonio, TX 78205
Telephone: (210) 472-4640
Fax: (210) 472-4649

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SALDIVAR HOME HEALTH, INC. | § | CASE NO. 16-52586-CAG |
| | § | |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | Hearing Date Requested |
| | § | |

## MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE

TO THE HONORABLE CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE:

JUDY A. ROBBINS, THE UNITED STATES TRUSTEE for Region 7 ("UST"), through the undersigned counsel, respectfully moves for an order pursuant to 11 U.S.C. § 1112(b) dismissing this case. The debtor has not filed any operating reports for the months of February or March 2017 and thus the Court, the UST, and creditors cannot know whether the debtor is paying its obligations during the case or whether the debtor is generating sufficient cash flow to fund a plan. In addition, the limited information provided shows large losses each month and an inability to fund a plan of reorganization through future cash flow. Finally, the debtor has not paid the fees owed

1

to the UST under 28 U.S.C. § 1930(a)(6) for the first quarter 2017. In support of this motion, the UST represents as follows:

**I.     BACKGROUND**

1. On November 8, 2016, the debtor filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code. The debtor operates a home health care business. The debtor has not yet filed a plan of reorganization.

2. On its Schedule A/B, the debtor asserted that its assets were worth $871,084.30, including $345,880 in accounts receivable, $456,772 in office furniture, machinery, and equipment, and $46,360 in cars.

3. On Schedule D, the debtor listed Ford Credit as its only secured creditor for $14,149.38. On Schedule E/F, the debtor listed the IRS with a priority claim for $300,000.00 and general unsecured debts of $3,119,536.79, with the largest claim owed to Palmetto GBA, LLC for $2,964,025.00. The IRS has now filed a proof of claim asserting it is owed $12,447.67 as a secured claim, $289,475.14 as a priority unsecured claim, and $33,685.46 as a general unsecured claim. The U.S. Department of Health and Human Services has filed a proof of claim for $2,743,548.81 for Medicare overpayment, which is for the debt listed by the debtor to Palmetto GBA.

4. In a chapter 11 case, a debtor is required to file monthly operating reports by the 20th of the month for the previous month detailing its financial activity during that month. Local Rule 2015(b). The debtor has not filed any reports for February or March 2017. Moreover, the reports filed for December 2016 and January 2017 were incomplete. They did not contain any information for those months on MOR-6 Statement of Income (Loss) or MOR-7 Cash Receipts and Disbursements. The limited

information provided shows losses in the first three months of the case of $59,967.00, $116,686.23, and $64,570.86.

5. Chapter 11 debtors owe quarterly fees to the United States Trustee for each quarter they are in a chapter 11. 28 U.S.C § 1930(a)(6). The quarterly fees for the first quarter 2017 were due on April 30, 2017. The debtor has not yet paid those fees. Because the debtor has not filed its operating reports for February and March 2017, the UST does not for certain how much the debtor owes in fees. However, based on its disbursements in January, the debtor likely owes $4,875 for the first quarter 2017

## II. THE CASE SHOULD BE DISMISSED.

6. Under section 1112(b) of the Bankruptcy Code, the Bankruptcy Court shall convert a case to chapter 7 or dismiss a case, whichever is in the best interest of the creditors and the estate, if the movant establishes cause, unless the Court finds that a chapter 11 trustee or examiner is in the best interests of the creditors and the estate or the Court finds and specifically identifies unusual circumstances that establish that conversion or dismissal of the case is not in the best interest of creditors and the estate. 11 U.S.C. § 1112(b).

7. "Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Because monthly operating reports are the means by which the creditors, the Court, and the United States Trustee can monitor a debtor's post-petition operations, the failure to timely file its monthly operating reports by itself constitutes sufficient cause to warrant conversion of the case to chapter 7 or dismissal of this chapter 11 case. 11 U.S.C. § 1112(b)(4)(F); *Roma Group, Inc. v. Office of the United States Trustee (In re Roma*

*Group, Inc.),* 165 B.R. 779, 780 (S.D.N.Y. 1994) (failure to file monthly operating reports "undermines the Chapter 11 process and constitutes cause for dismissal or conversion"); *In re Bacon*, 52 B.R. 52, 53-54 (Bankr. N.D. Iowa 1985) (failure to file monthly operating reports is sufficient "cause" to warrant dismissal of chapter 11 case because "creditors are not being provided the basic financial data necessary to make decisions regarding their best interests").

8. Because the debtor has not filed its recent operating reports, the Court, the UST, and creditors are unable to determine if the debtor has a reasonable likelihood of rehabilitation or if there has been a continuing loss to or diminution of the estate. Without operating reports, the Court, the UST, and creditors cannot know whether the debtor is paying its obligations as they come due post-petition or whether the debtor is accruing administrative expenses. Therefore, cause exists to dismiss the, and the case should be dismissed. 11 U.S.C. § 1112(b)(4)(F).

9. Moreover, the limited information provided in the operating reports shows losses each of the first three months between $59,967.00 and $116,686.23. Based on those losses, it appears unlikely the debtor will be able to propose a plan to pay its creditors through future operations. Therefore, cause exists to dismiss the case, and the case should be dismissed.

10. Finally, the debtor's failure to timely pay all quarterly fees owed to the UST also constitutes cause to dismiss the case. 11 U.S.C. § 1112(b)(4)(K).

WHEREFORE, for the reasons stated above, the UST prays that the Court enter an order dismissing the case. The UST requests any and all further relief as is equitable and just.

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE
REGION 7

By: /s/ Kevin M. Epstein
KEVIN M. EPSTEIN
Trial Attorney
Texas Bar No. 00790647
615 E. Houston St., Room 533
San Antonio, TX 78205
(210) 472-4640
(210) 472-4649 Fax
E-mail: Kevin.M.Epstein@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE was served by electronic means for all Pacer system participants and/or by first class mail, postage prepaid, to all parties listed on the attached Service List on this the 5th day of May, 2017.

/s/ Kevin M. Epstein
Kevin M. Epstein
Trial Attorney

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 16-52586-cag<br>Western District of Texas<br>San Antonio<br>Tue May  2 11:42:33 CDT 2017 | Saldivar Home Health Inc.<br>P.O. Box 3531<br>Alice, TX 78333-3531 | U.S. BANKRUPTCY COURT<br>615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205-2055 |
| AT&T Corp<br>c/o AT&T Services Inc.<br>Karen A. Cavagnaro - Lead Paralegal<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921-2693 | Alianz Medical Inc.<br>9858 Gades Road Ste D3-114<br>Boca Raton FL 33434-3983 | Allegro Medical<br>360 Veterans Pkwy Ste 115<br>Bolingbrook IL 60440-4673 |
| American Specialty Advertising<br>899 Skokie Blvd Ste 112<br>Northbrook IL 60062-4037 | Attorney General of the U.S.<br>10th & Const. Ave. N.W.#5111<br>Washington, D.C 20530-0001 | Bexar County<br>c/o Don Stecker<br>711 Navarro, Suite 300<br>San Antonio, TX 78205-1749 |
| Decision Health<br>PO Box 9405<br>Gaithersburg MD 20898-9405 | Direct Rehab Inc<br>1635 NE Loop 410 Ste 506<br>San Antonio TX 78209-1618 | Elizabeth H Hogur Esq.<br>107 Guilford<br>Summerville SC 29483-5583 |
| (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 | Ford Motor Credit Company LLC<br>c/o Christopher Naylor<br>5120 Woodway, Ste. 9000<br>Houston, Texas 77056-1725 | Gulf South Medical Supply<br>PO Box 841968<br>Dallas TX 75284-1968 |
| HomeCare Medical Equipment<br>401 Flournoy Rd<br>Alice TX 78332 | Homecare Dimensions Inc<br>12500 Network Blvd. #210<br>San Antonio TX 78249-3301 | Homeline Medical Inc<br>14906 Collections Center Dr.<br>Chicago IL 60693-0149 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia PA 19101-7346 | Jim Wells CAD<br>c/o Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O.Box 17428<br>Austin, TX 78760-7428 |
| Kimberly A. Walsh<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711 2548 | Laredo Sports Medicine Clinic<br>9652 McPherson Ste 12<br>Laredo TX 78045-6567 | McKesson Medical-Surgical<br>Minnesota Supply, Inc.<br>4345 Southpoint Blvd.<br>Jacksonville, FL 32216-6166 |
| Moreno Physical Therapy<br>3632 Josefina Dr.<br>Laredo TX 78041-1956 | Palmetto GBA LLC<br>8300 Springdale Drive<br>Camden South Carolina 29020 | Palmier Comprehensive Physical Therapy<br>3115 W Alberta Rd.<br>Edinburg TX 78539-9402 |
| RGV Therapists PC<br>1617 E Tyler Avenue Ste F<br>Harlingen TX 78550-7480 | Southwestern Bell Telephone Company<br>% AT&T Services, Inc.<br>Karen Cavagnaro, Esq.<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921-2693 | Texas Workforce Commission<br>Regulatory Integrity Division - SAU<br>Room 556<br>101 E. 15th Street<br>Austin, TX 78778-0001 |

| | | |
|---|---|---|
| U. S. Attorney/IRS<br>601 N. W. Loop 410, Suite 600<br>San Antonio, Texas 78216-5512 | U. S. Trustee<br>615 E. Houston St. Room 533<br>San Antonio, Texas 78205-2055 | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>VICTORIA ABRIL<br>ASSOCIATE REGIONAL ADMINISTRATOR DHHS<br>26 FEDERAL PLAZA ROOM 38-130<br>NEW YORK, NY 10278-0004 |
| United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>PO Box 1539<br>San Antonio, TX 78295-1539 | Walsh Anderson Brown Gallegos & Green<br>PO Box 2156<br>Austin TX 78768-2156 | Walsh Gallegos Trevino Russo & Kyle P.C.<br>10375 Richmond Ave., Suite 750<br>Houston, Texas 77042-4196 |
| Dean William Greer<br>2929 Mossrock, Suite 117<br>San Antonio, TX 78230-5141 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Ford Motor Credit Company LLC<br>Dept. 55953, P.O. Box 55000<br>Detroit, MI 48255 | Internal Revenue Service<br>P. O. Box 21126<br>Philadelphia, PA 19114 | End of Label Matrix<br>Mailable recipients    36<br>Bypassed recipients     0<br>Total                  36 |